Southard J.
dissented. The objections to this judgment, result from the state of demand containing the two following items. “ Fifty dollars on Ann Antrim’s account.” “ Twenty-two dollars for Sarah Middleton.”
Every state of demand, however informal it may be, must contain a legal cause of action; it must set out the right of the plaintiff to recover the money claimed. It must not leave that right to mere presumption and guessing, as to what nature it is, but shew it clearly and explicit^. This, I apprehend, is not done. No one on reading these charges can tell except by a guess, why the plaintiff paid the money, or why he claims it of defendant. *245 Who was 'Ann Antrim ? What account of hers, was it, on which the money was paid ? Was it against the ant, and if so, did defendant request the plaintiff to pay? for without such request the payment would create no right against him. Or was it so much money paid for Ann Antrim, and which, for some cause, to us inexplicable, he chose to charge upon defendant ? I am prepared to answer to none of these questions, and I am as little prepared to sanction a state of demand which will not enable me to answer them. The charge about Sarah Middleton, is subject to the same objections and even more strongly. I am therefore in favour of a reversal.
In this opinion I apprehend I am supported by authority. See Ward v. Eastach, Pen. 465. Babbit v. De Camp, 647, 464, 525, 631, 640. By all these cases it appears, that, the state of demand must shew a legal right to recover of defendant, and that “ money paid to his use,” “had to the use of plaintiff,” &c. are all insufficient; though they actually allege money had by defendant, in a way, that in other courts, would raise an assumpsit.
Judgment affirmed.